IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA, ) <br> individually and as subrogee of its   ) <br> insured, Coastal Builders, Inc.,            ) <br>                                                           ) <br> Plaintiff,                                           ) <br>                                                           ) <br> v.                                                     ) <br>                                                           ) <br> AMERISURE MUTUAL INSURANCE ) <br> COMPANY,                                       ) <br>                                                           ) <br> Defendant.                                       ) | CIVIL NO. 10-00112-CG-B |

# ORDER

This case is before the court on the parties' cross motions for summary judgment.  Plaintiff Assurance Company of America ("Assurance"), seeks contribution in the amount of $162,157.00 from Defendant Amerisure Mutual Insurance Company ("Amerisure") for the cost of defense and settlement of two lawsuits against its subrogor, Coastal Builders, Inc. ("CBI").  (Doc. 1, pp. 4-10).  Amerisure has filed a motion for summary judgment (Doc. 27), a memorandum in support of its motion (Doc. 30), a reply brief in support (Doc. 44), as well as an opposition to Assurance's motion (Doc. 36).  Assurance has filed a motion for summary judgment (Doc. 31), a memorandum in support of its motion (Doc. 33), a reply brief in support (Doc. 42), and an opposition to Amerisure's motion (Doc. 37).  For the reasons enumerated below, Amerisure's motion for summary judgment (Doc. 27) is due to be **GRANTED**, and Assurance's motion for summary judgment (Doc. 31) is due to be **DENIED**.

1

**FACTUAL BACKGROUND**

This lawsuit arises out of claims asserted against CBI, an Alabama-based construction company and the subrogor of Assurance. (Doc. 31, p. 1). CBI was the general contractor for two condominium projects in Baldwin County, Alabama, which resulted in two lawsuits being filed against CBI for alleged construction defects. Id. at 3.

Assurance issued a policy of commercial general liability insurance (the "Assurance policy") covering CBI for a policy period beginning October 1, 2000, and ending October 1, 2001. (Doc. 34, p. 1). CBI renewed the Assurance policy for a second year, from October 1, 2001, through October 1, 2002. Id. Amerisure also issued a policy of commercial general liability insurance (the "Amerisure policy") covering CBI for a policy period beginning November 1, 2002, through October 1, 2003. (Doc. 29-3, p. 17). CBI renewed the Amerisure policy several times, and ultimately had coverage through October 1, 2007. See Doc. 29-3, pp. 32, 46, 71, and 90.

On March 26, 2003, the Clearwater Condominium Association, Inc. ("Clearwater") filed a lawsuit against CBI and other defendants (the "Clearwater lawsuit") in the Circuit Court of Baldwin County, Alabama. (Doc. 34, p. 5). The Clearwater lawsuit alleged, among other things, that CBI was the general contractor which constructed Clearwater and that the project was plagued by numerous construction defects as a result of CBI's negligence. Id. CBI notified Assurance of the claim, and on April 22, 2003, Assurance assigned counsel to defend

CBI in the Clearwater lawsuit. Id. at 6. Four years and four months later, on July 19, 2007, David Green of Zurich N.A., the parent company of Assurance, notified Erika Refka, a claims representative employed by Amerisure, of the Clearwater lawsuit, and directed CBI's defense counsel to forward a copy of Clearwater's complaint to Refka. Id. at 7.

On May 4, 2004, the Four Winds Condominium Association ("Four Winds") filed a second lawsuit against CBI (the "Four Winds lawsuit") in the Circuit Court of Baldwin County, Alabama. Id. at 8. Much like the Clearwater lawsuit, the Four Winds lawsuit also alleged that CBI was the general contractor which constructed Four Winds and that the project was plagued by numerous construction defects as a result of CBI's negligence. Id. CBI notified Assurance of the Four Winds lawsuit on January 10, 2005. Id. Assurance assigned counsel to defend CBI approximately one month later, on February 3. Id. Just over three years later, on May 21, 2007, CBI's defense counsel notified Amerisure of the Four Winds lawsuit. Id. at 10.

Amerisure was, for the most part, fairly nonresponsive after being notified of the Clearwater and Four Winds lawsuits. See Doc. 34, pp. 7-8, 10. In any event, Amerisure did not agree to share in CBI's defense. Id. Both cases were subsequently settled, the Clearwater lawsuit on September 8, 2008, for which Assurance contributed $31,000 and ultimately paid legal fees of $67,705.91. Id. at 8. The Four Winds lawsuit was settled on March 5, 2008, for which Assurance paid $124,000 in settlement and $101,608.54 in legal fees. Id. at 11.

Assurance now seeks contribution of $162,157.00, representing half of the settlement amounts and legal fees it paid in settling the Clearwater and Four Winds lawsuits.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252.  The moving party bears the burden of proving that no genuine issue of material fact exists.  O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the

court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor.  Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).  "If reasonable minds might differ on the inferences arising from undisputed facts, then a court should deny summary judgment."  Hinesville Bank v. Pony Exp. Courier Corp., 868 F.2d 1532, 1535 (11th Cir. 1989) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(a), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial."  Howard v. BP Oil Co., 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment."  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."  Vega v. Invsco Group, Ltd., 432 Fed.Appx. 867, 870 (11th Cir. 2011).  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).  "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole."  Tipton v. Bergrohr

GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation and citation omitted).

## LEGAL ANALYSIS

"[T]he failure of an insured to comply within a reasonable time with such conditions precedent in an insurance policy requiring the insureds to give notice of an accident or occurrence releases the insurer from obligations imposed by the insurance contract." Travelers Indem. Co. of Connecticut v. Miller, ---So.3d ---, 2011 WL 6004619, *3 (Ala. 2011) (quoting Reeves v. State Farm Fire & Cas. Co., 539 So.2d 252, 254 (Ala. 1989)). The term "as soon as practicable" has been interpreted "to mean that 'notice must be given within a reasonable time in view of the facts and circumstances of the case.' " Id. (quoting Haston v. Transamerica Ins. Servs., 662 So.2d 1138, 1141 (Ala. 1995)). "Prompt" notice has also been interpreted to mean that such notice must be given within a reasonable time in view of all the facts and circumstances. St. Paul Fire & Marine Ins. Co. v. Elliott, 545 So.2d 760 (Ala. 1989). Only two factors are to be considered in determining the reasonableness of a delay in giving notice to the insurer: the length of the delay and the reasons for the delay. United States Fid. & Guar. Co. v. Baldwin County Home Builders Ass'n, 770 So.2d 72, 75 (Ala. 2000). Whether notice of the occurrence or claim was given to the insurer within a reasonable time rests on the reasonableness

6

of the delay.  Id.  Prejudice to the insurer from any such delay in providing notice is not a factor.  Id.

In the instant case, it is undisputed that the Clearwater lawsuit was filed on March 26, 2003, and that Amerisure did not receive notice of the suit until July 19, 2007 -- four years and four months later.  (Doc. 34, pp. 5-7).  It is further undisputed that the Four Winds lawsuit was filed on May 4, 2004, and that Amerisure did not receive notice of the suit until approximately May 21, 2007 – slightly more than three years to the day later.  Id. at pp. 8-10.

The reason that Assurance gives for the delay in notifying Amerisure is that Assurance itself only learned of CBI's policy with Amerisure on May 18, 2007.  (Doc. 37, p. 4).  Assurance also argues that CBI "took prompt steps to put applicable insurance carriers on notice," but that the nature of the Clearwater and Four Winds lawsuits against CBI were "not limited to a single event or instantaneous occurrence" because they were construction cases involving claims of faulty workmanship.  See id. at p. 5.  Assurance also asserts that it took steps to place Amerisure on notice "upon being reasonably convinced that the claims extended past [Assurance's] coverage period, and upon learning of [Amerisure's] coverage periods."  Id. at 5.

Assurance's arguments do not hold water.  The Alabama Supreme Court has ruled unambiguously that ignorance of coverage is not an excuse to justify dilatory conduct on the part of a named insured in providing notice of a claim to its insurer.  Big Three Motors, Inc. v. Employers Ins. Co. of Alabama, 449 So.2d 1232, 1236 (Ala.

1984).  Although CBI may have taken prompt steps to notify Assurance of the claims it faced, the undisputed evidence shows that CBI and Assurance, as subrogor, simply did not do so with regard to Amerisure.  Furthermore, while the allegations of construction defects leveled by Clearwater and Four Winds against CBI were not limited to a single event or occurrence, the filing of each complaint was a single, discrete event that should have been reported to Amerisure "as soon as practicable" pursuant to Section IV, paragraph 2(b)(2) of the Amerisure policy.  See Doc. 29-3, p. 11 ("If a claim is made or 'suit' is brought against any insured, you must … [n]otify us as soon as practicable. You must see to it that we receive written notice of the claim or 'suit' as soon as practicable").

The reason presented by Assurance to justify its delay is the same reason presented by the insured in Big Three Motors (i.e., that Assurance and its subrogee did not realize that the Amerisure coverage existed).  (Doc. 37, p. 3) ("… Assurance Company of America was focused on defending Coastal Builders, Inc., in the lawsuits … it was not readily apparent to [Assurance] …whether [CBI] had additional coverage after [Assurance's] coverage ended.")  The Alabama Supreme Court wasted no time in deeming this excuse to be insufficient.  Big Three Motors, 449 So.2d at 1236.  This court does the same.  In light of the insufficient notice to Amerisure of the claims against CBI, this court finds that no reasonable jury could find that Amerisure owes contribution for the defense and settlement of the Clearwater and Four Winds claims.

## CONCLUSION

Accordingly, the court finds as a matter of law that there has been a breach of the notice provision of the Amerisure policy.  Thus, Assurance's motion for summary judgment is hereby **DENIED** and Amerisure's motion for summary judgment is hereby **GRANTED**.

**DONE** and **ORDERED** this 12th day of March, 2012.

/s/   Callie V. S. Granade
**UNITED STATES DISTRICT JUDGE**